UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL BURWELL,

           Plaintiff,

      v.                                           Case No. 22-CV-1307

MILWAUKEE COUNTY, et al.,

           Defendants.

## ORDER AND RECOMMENDATION

Currently pending before the court is pro se plaintiff Michael Burwell's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 3.) Having reviewed the request, the court concludes that Burwell lacks the financial resources to prepay the fees and costs associated with this action. Therefore, his Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Because the court is granting Burwell's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915. Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States

solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless

legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to Burwell's complaint. Burwell alleges that on November 8, 2019, Village of Bayside Police Officer Randy Santarelli pulled him over without probable cause and subjected him to an unlawful traffic stop and field sobriety test. (ECF No. 1 at ¶¶ 25-34.) Burwell explains that, at the time of the stop, "he felt … officer Santarelli was lying about the stop and doing this to harm him for some reason." (ECF No. 1 at ¶ 61.) Operating on this belief, Burwell "ceased his cooperation with officer Santarelli and refused [to take a blood draw test]," thus requiring "Santarelli to get a warrant for [the test] under false pretenses." (ECF No. 1 at ¶ 61.)

Burwell alleges that Santarelli—in the presence of fellow Bayside Police Officers Sara Kadulshi and Corey Fuller—falsified the results of his field sobriety test, which false results he included on an affidavit to obtain a warrant for a forced blood drawing. (ECF No. 1 at ¶¶ 50-57.) Burwell alleges that Santarelli's unlawful actions resulted in the revocation of his driver's license, the placement of an ignition interlock device on his

vehicle, and an operating while intoxicated (OWI) charge, which is currently pending against him in Milwaukee County Circuit Court. (ECF No. 1 at ¶¶ 61, 62.) Burwell further alleges that Santarelli, Kadulshi, and Fuller hid, destroyed, or altered their body-worn camera and squad car footage from the November 8, 2019, encounter in an "effort to prevent [Burwell] from being able to prove [Santarelli's] misconduct" and his own innocence. (ECF No. 1 at ¶¶ 37-39, 63.)

In addition to Bayside Police Officers Santarelli, Kadulshi, and Fuller, Burwell sues Milwaukee County, the Village of Bayside, and Bayside Chief of Police Tom Liebenthal. (ECF No. 1 at 1.) Burwell seeks redress under 42 U.S.C. § 1983 for alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights. (ECF No. 1 at 1.) He seeks $4,673,339.56 as a remedy for the loss of his driver's license, missed child visitation due to lack of transportation, lost income, time spent in jail, mental anguish, daily rides to medical appointments, loss of reputation, investigation assistance, missed child support payments, and the towing of his vehicle. (ECF No. 1-1 at 2.)

A § 1983 action is "a tort damage action" even though the duty the defendant is alleged to have breached is created by the Constitution or federal law. *Lossman v. Pekarske*, 707 F.2d 288, 290 (7th Cir. 1983). To state a claim under § 1983 the plaintiff must allege that the defendant owed him a constitutional duty, that the defendant breached his duty, and plaintiff suffered an actual injury from the defendant's conduct. *See Jones v.*

*Hamelman*, 869 F.2d 1023, 1031 (7th Cir. 1989); *see Garza v. Henderson*, 779 F.2d 390, 395 (7th Cir. 1985).

Liberally construed, the complaint appears to assert multiple, cognizable § 1983 claims against Santarelli. Burwell alleges that Santarelli violated his Fourth and Fourteenth Amendment rights when he—without reasonable suspicion that he had committed or was about to commit a crime—seized Burwell's vehicle during the November 8, 2019, traffic stop. (ECF No. 1 at ¶¶ 25-34, 51.) Burwell further alleges that Santarelli violated his Fourth and Fourteenth Amendment rights when he made false statements and omissions in an affidavit to obtain a warrant for a blood drawing. (ECF No. 1 at ¶¶ 50-57.) But for Santarelli's false statements and omissions in the affidavit, Burwell alleges that the judge would not have signed the warrant and, consequently, Burwell would not have had his license revoked, an ignition interlock device would not have been placed on his vehicle, nor would he have faced an OWI charge. (ECF No. 1 at ¶ 60.) These allegations are sufficient for Burwell to proceed with his § 1983 action against Santarelli.

Burwell also alleges that evidence from his November 8, 2019, encounter with the Bayside police officers is "missing." (ECF No. 1 at ¶¶ 38-39.) For example, he alleges that certain footage from the "forward facing dash camera [on] officer Santarelli's squad car" is missing and that "17 minutes" from Santarelli's body-worn camera footage "has been edited and cut." (ECF No. 1 at ¶¶ 39.) He also alleges that Kadulshi and Fuller's body-

6
Case 2:22-cv-01307-WED-JPS   Filed 12/21/22   Page 6 of 11   Document 6

worn camera footage from the November 2019 encounter is missing. (ECF No. 1 at ¶¶ 63.) He asserts that the missing evidence is a product of Santarelli, Kadulshi, and Fuller's "willful[] and wanton[]" efforts to prevent him from "proving the true events that occurred the morning of November 8[,] 2019" and to "create a situation where it would be nearly impossible for [him] to defend himself against the false criminal charges … brought against him." (ECF No. 1 at ¶¶ 35-39, 63.) Burwell appears to be alleging that Santarelli, Kadulshi, and Fuller are concealing or have destroyed exculpatory evidence in violation of his constitutional due process rights. Liberally construed, these allegations amount to cognizable § 1983 claim.

Burwell does not state cognizable § 1983 claims against the Village of Bayside or Milwaukee County. "[I]n enacting § 1983, Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 400 (1997) (emphasis in original) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "A local governing body may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell*, 436 U.S. at 690; *Valentino v. Village of South Chicago Heights*, 575

F.3d 664, 674 (7th Cir. 2009)). "To demonstrate that the County is liable for a harmful custom or practice, the plaintiff must show that County policymakers were 'deliberately indifferent as to [the] known or obvious consequences.'" *Id.* (quoting *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002)). "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality." *Brown*, 520 U.S. at 404.

Burwell does not allege any misconduct on the part of Milwaukee County. In fact, apart from stating that it is a "Municipal Organization organized under the laws of the State of Wisconsin" (ECF No. 1 at ¶ 12), there is no mention of Milwaukee County in the complaint. As such, the court will recommend that Milwaukee County be dismissed from this action.

By targeting certain allegations at the Village of Bayside, Burwell does appear to be attempting to state a cause of action against the municipality. He alleges that Bayside Police Department's DUI enforcement manual "departs majorly from the National Highway Traffic Safety Administration's recommended standardized filed sobriety testing process," and that it omits crucial information regarding how to properly administer a DUI investigation. (ECF No. 1 at ¶¶ 49-50.) He asserts that these omissions are "reckless at best[,] especially if you provide [it] to an officer that has little experience." (ECF No. 1 at ¶ 50.) While Burwell does seem to suggest that these omissions heighten the potential for police misconduct in Bayside, he does not allege that this is what the manual's writers intended. Nor does he allege that the manual's writers were aware of,

8
Case 2:22-cv-01307-WED-JPS   Filed 12/21/22   Page 8 of 11   Document 6

but deliberately indifferent to, a heightened potential for police misconduct. And he does not allege that any specific policies or procedures outlined in the manual are unconstitutional.

The complaint also reproduces sections of Bayside Police Department's policy manual pertaining to "rules of conduct," "traffic stops and enforcement," and "body worn camera." (ECF No. 1 at ¶ 19.) It is unclear why Burwell includes these in the complaint. It could be intended to bolster his claims against the individual police officers, the municipalities, or both. The complaint does not explain. In any event, the complaint does not raise a cognizable § 1983 claim against the Village of Bayside because it does not sufficiently tie any Bayside policy, practice, or custom to any violation of Burwell's civil rights. The court will therefore recommend that the Village of Bayside be dismissed from this action.

Burwell also names as a defendant Tom Liebenthal, the Chief of Police for the Village of Bayside. However, the complaint does not allege that Liebenthal engaged in any sort of misconduct. Nor does it explain why he is named as a defendant. Assuming that Burwell seeks to hold Liebenthal liable for the conduct of Santarelli, Kadulshi, and Fuller, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992); *see also Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach

9
Case 2:22-cv-01307-WED-JPS   Filed 12/21/22   Page 9 of 11   Document 6

unless the individual defendant caused or participated in a constitutional deprivation."). Accordingly, the court will recommend that Tom Liebenthal be dismissed from this action as well.

**IT IS THEREFORE ORDERED** that Burwell's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Milwaukee County, the Village of Bayside, and Bayside Chief of Police Tom Liebenthal be **DISMISSED** as defendants.

The court will withhold ruling on Burwell's Request for a Stay (ECF No. 3) until after the remaining defendants have responded to the complaint.

**IT IS FURTHER RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants**.** Even though the plaintiff has been permitted to proceed in forma pauperis, he is still responsible for the cost of serving the complaint on the defendants. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 21st day of December, 2022.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge