# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL ALLAN BURWELL,**

**Plaintiff,**

v.          Case No. 22-CV-1307

**RANDY SANTARELLI, et al.,**

**Defendants.**

## ORDER

On November 3, 2022, pro se plaintiff Michael Allen Burwell filed a complaint pursuant to 42 U.S.C. § 1983 against Milwaukee County, the Village of Bayside, Bayside Police Chief Tom Liebenthal, and Bayside Police Officers Randy Santarelli, Cory Fuller, and Sarah Kadulski. (ECF No. 1.) On December 21, 2022, the court screened Burwell's complaint and allowed him to proceed on claims against Santarelli, Fuller, and Kadulski for alleged violations of his Fourth and Fourteenth Amendment rights during a traffic stop and arrest occurring on November 8, 2019. (ECF Nos. 6, 7.) All parties have consented to the jurisdiction of a magistrate judge. (ECF No. 16.)

On November 16, 2023, the defendants moved for summary judgment on all of Burwell's claims. (ECF No. 34.) In addition, the defendants moved for dismissal

pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (*See* ECF No. 31 at 23.) On March 21, 2024, the court ordered Burwell to show cause as to why the action should not be dismissed pursuant to Fed. R. Civ. P. 41(b) as well as Civil L.R. 41(c). (ECF No. 38.) The court warned Burwell that, if he did not show cause by April 12, 2024, the court would dismiss the action. (*Id.*)

The April 12, 2024, deadline has passed without any action from Burwell. The last time he filed anything in this case besides his complaint, motion for leave to proceed without prepaying the filing fee, and motion to stay on November 3, 2022, was when he returned the magistrate judge consent form on November 17, 2022. (*See* ECF Nos. 1, 2, 3, 5.)

Federal Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). An involuntary dismissal generally "operates as an adjudication on the merits" unless the order states otherwise. *Id.* Additionally, Civil Local Rule 41(c) provides that, "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action and Civil L. R. 41(a) or (b) does not apply, the Court may enter an order of dismissal with or without prejudice."

Burwell has failed to meaningfully participate at each stage of the litigation of this case. Again, he has not taken any action since November 17, 2022. The defendants point out that Burwell did not respond to defense counsel's attempt to submit a joint

2

Rule 26(f) report, failed to attend the Rule 16 scheduling conference, never served a set of initial disclosures pursuant to Rule 26(a), did not produce witness disclosures to defense counsel, and did not initiate discovery. (ECF No. 31 at 24.) Burwell also failed to respond to the defendants' motion for summary judgment and to dismiss for failure to prosecute. Nor did he file anything in response to the court's March 21, 2024, order in which the court explicitly warned Burwell that his case would be dismissed if he did not show cause by April 12, 2024.

In light of these missed deadlines, the court finds that Burwell has failed to diligently prosecute this action. The court has no option but to grant the defendants' motion to dismiss. Accordingly, this action will be dismissed pursuant to Fed. R. Civ. P. 41(b) and Civil L.R. 41(c), with prejudice and with an award of costs.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss is **GRANTED**. The defendants' motion for summary judgment (ECF Nos. 25, 34) is **DISMISSED AS MOOT.** This action is **DISMISSED with prejudice and with costs**. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 15th day of April, 2024.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment (60 days if one of the parties is, for example, the United States, a United States agency, or a United States officer or employee sued in an official capacity). *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.